**FILED**

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PAUL A. MORABITO, | No.   19-15322 |
| Debtor, | D.C. No. 3:18-cv-00221-MMD |
| JH, INC.; BERRY-HINCKLEY INDUSTRIES, | MEMORANDUM[*] |
| Plaintiffs-Appellees, | |
| v. | |
| PAUL A. MORABITO, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted May 12, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and FRIEDLAND and BENNETT, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court affirmed a bankruptcy court judgment finding a debt owed by Paul Morabito to Maryanna Herbst and related entities (collectively, "Herbst") non-dischargeable on the basis of fraud. Morabito appealed. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, and we affirm.

1. The bankruptcy court did not abuse its discretion in disregarding Morabito's declaration under the sham affidavit doctrine. In settling litigation regarding whether Morabito defrauded Herbst in connection with a business transaction, Morabito verified that the contents of the parties' stipulated Confession of Judgment (the "COJ"), including factual recitations detailing Morabito's fraud, were "true and accurate." He subscribed and swore to that verification before a notary. Years later, when opposing Herbst's summary judgment motion in the non-dischargeability proceeding below, Morabito filed a declaration that "clear[ly] and unambiguous[ly]" contradicted the COJ's contents. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (internal citation omitted). Given the contradiction, the bankruptcy court acted within its discretion in applying the sham affidavit doctrine. *See Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009) ("The rationale underlying the sham affidavit rule is that a party ought not be allowed to manufacture a bogus dispute with *himself* to defeat summary judgment.").

2.  The bankruptcy court properly applied Nevada issue preclusion law in concluding that the COJ's fraud recitations barred Morabito from relitigating whether he defrauded Herbst. *See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (listing necessary factors for application of issue preclusion). The COJ is a valid final judgment for issue preclusion purposes. The COJ incorporates the same factual findings concerning Morabito's fraud that the Nevada state court made after a bench trial during which the parties "actually and necessarily litigated" whether Morabito defrauded Herbst. *See id*. The litigated question is identical to the fact issue presented to the bankruptcy court in the non-dischargeability proceeding below. Finally, it is undisputed that Morabito was a party to the state court litigation.

The COJ does not fall within the public policy prohibition on waivers of bankruptcy protection. Although debtors may not "contract away the right to a discharge in bankruptcy," they ordinarily may stipulate to the factual basis for an exception to discharge. *See Hayhoe v. Cole (In re Cole)*, 226 B.R. 647, 651, 655 (B.A.P. 9th Cir. 1998) (internal citation omitted).

3.  The bankruptcy court properly concluded that the fourth cause of action was not mutually exclusive with the bankruptcy court's determination, in

granting summary judgment on Herbst's first and second causes of action, that the COJ established Morabito's fraud as a matter of fact.

4.     The bankruptcy court did not err in concluding that the $85 million COJ is not an unenforceable penalty. Under Nevada law, "liquidated damage provisions are prima facie valid," *Haromy v. Sawyer*, 654 P.2d 1022, 1023 (Nev. 1982). Morabito bears the burden of establishing that the provision is a penalty, *see Mason v. Fakhimi*, 865 P.2d 333, 335 (Nev. 1993), and he concedes that liquidated damages clauses are appropriate when "contractual damages are uncertain or immeasurable," *Khan v. Bakhsh*, 306 P.3d 411, 414 (Nev. 2013). That was the case here, as the settlement agreement included several non-monetary obligations. Because a state court determined, after a full trial, that Herbst was entitled to approximately $141 million in damages, $85 million of which were compensatory, we cannot conclude that the $85 million COJ is "disproportionate to the actual damages sustained" by Herbst as a result of Morabito's breach of the settlement that replaced the state court's judgment. *Mason*, 865 P.2d at 335.

5.     We decline Morabito's invitation to consider materials outside the record on appeal. *See* Fed. R. App. P. 10(a), (e). Accordingly, we **GRANT** Herbst's motion to strike Exhibits 45 and 46 of Morabito's Excerpts of Record as

well as Section (IV)(F)(9) of Morabito's opening brief.  And we **DENY**

Morabito's motion to supplement the record.

    **AFFIRMED.**